# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

Docket Number(s): **14-4425-cr**

Caption [use short title]

Motion for: **Order Holding Appeal in Abeyance**

**United States of America, Appellee**

v.

**Hussain (Cunningham), Appellant**

Set forth below precise, complete statement of relief sought:

Order holding appeal in abeyance until this Court decides United States v. Dwayne Barrett, 14-2641-cr, which could mandate relief for Mr Cunningham.

MOVING PARTY: **Damian Cunningham**   OPPOSING PARTY: **United States of America**

☐ Plaintiff   ☑ Defendant
☑ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: **Ian S. Weinstein**   OPPOSING ATTORNEY: **Michael A. Levy**

[name of attorney, with firm, address, phone number and e-mail]

Lincoln Square Legal Services, Inc.   Assistant United States Attorney, SDNY

150 West 62nd St., New York, New York 10023   1 St. Andrews Plaza, New York, New York 10007

212-636-6934 iweinstein@lsls.fordham.edu   212-637-2506

Court-Judge/Agency appealed from: **Sullivan, J., U.S.D.J./S.D.N.Y.**

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:
Has request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this Court?   ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?   ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☑ Yes ☐ No   If yes, enter date: **Argument heard on January 29, 2016**

Signature of Moving Attorney:
_/s/ Ian Weinstein_   Date: 6/9/2016   Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

Form T-1080 (rev. 12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>APPELLEE,<br><br>– v –<br><br>HUSSAIN (CUNNINGHAM),<br><br>APPELLANT. | **D E C L A R A T I O N**<br><br>**Docket No. 14-4425-cr** |

    **IAN WEINSTEIN** declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

    1.    I am an attorney at Lincoln Square Legal Services, Inc., counsel to Appellant Damian Cunningham. This Declaration is in support of a motion in the above referenced matter, for an order holding the appeal in abeyance pending decision by this Court of United States v. Dwayne Barrett, No. 14-2641-cr, and in the alternative, seeking permission to file a supplemental brief based on the Supreme Court's decision in Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015).

    2.    Mr. Cunningham appeals from a final judgment entered on November 18, 2014, convicting him of violating 18 U.S.C. § 1951 (conspiracy to commit Hobbs Act robbery) and 18 U.S.C. § 924(c)(1)(A)(iii) (use of a firearm during and in relation to a crime of violence), and sentencing him to imprisonment for 132 months.

1

3.	Mr. Cunningham filed a brief with this Court on April 27, 2015. The Government filed an appellee's brief on September 14, 2015. Mr. Cunningham's reply brief was filed on September 28, 2015.

4.	Oral argument occurred on January 29, 2016, before a Panel consisting of Judges Calabresi, Lynch, and Lohier.

5.	On June 26, 2015, the Supreme Court ruled in <u>Johnson</u> that the residual clause of the Armed Career Criminal Act, § 924(e)(2)(B)(ii), is unconstitutionally vague and therefore void under the Due Process Clause.

6.	Mr. Cunningham's case does not involve § 924(e) and undersigned counsel did not recognize <u>Johnson</u>'s relevance to this appeal when he submitted the reply brief in this case.

7.	Counsel only recently learned of the developing litigation on the impact of Johnson on the validity of the § 924(c) residual clause. In particular, the pending appeal in <u>Barrett</u>, a case involving a defendant indicted with, but tried separately, from Mr. Cunningham, raises the precise issue of whether a conviction for conspiracy to commit a Hobbs Act robbery is a sufficient predicate for a conviction under § 924(c) or is unconstitutionally vague.

8.	Counsel acknowledges fault in the failure to raise this issue earlier in this litigation and notes that if this Court decides that conspiracy to commit a Hobbs Act robbery is not a sufficient predicate for a § 924(c) conviction, the issue posed by <u>Barrett</u>, that rule would be applicable to Mr. Cunningham as plain error under Federal Rule of Criminal Procedure 52(b) and is cognizable at this stage in this appeal.

2

9.      Counsel respectfully requests that this Court hold Mr. Cunningham's appeal in abeyance until this Court issues a decision in <u>Barrett</u> because doing so would protect Mr. Cunningham's rights and promote efficient resolution of this matter.

10.     I have spoken with Assistant United States Attorney Jared Lenow and he informed me that the government opposes this motion.

**WHEREFORE**, it is respectfully requested that this Court issue an order holding Mr. Cunningham's appeal in abeyance until <u>Barrett</u> decides this issue, or in the alternative, grant Mr. Cunningham permission to file a supplemental brief or grant such other and further relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:   New York, New York
            June 9, 2016

*[signature]*
_____
Ian Weinstein

3